1   Rona P. Layton (SBN: 121238)
    SIMS & LAYTON
2   84 W. Santa Clara St., #660
    San Jose, CA 95113
3   (408) 998-3400

4   Attorneys for Defendants

5

6

7

8                       UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   DEBRA SPRINGER-BOWMAN,              CASE NO. 08-CV-02509HRL

13              Plaintiff,               ANSWER OF DEFENDANTS
                                         BRIDGE BANK, N.A. AND BRIDGE
14   v.                                  CAPITAL HOLDINGS TO COMPLAINT
                                         FOR DAMAGES
15   BRIDGE BANK OF SILICON VALLEY,
     N.A.; BRIDGE BANK, N.A.; BRIDGE
16   CAPITAL HOLDINGS,

17              Defendants.

18

19          Defendants Bridge Bank, N.A. and Bridge Capital Holdings (collectively "Bridge Bank")

20   answer Plaintiff Debra Springer-Bowman's complaint as follows in accordance with the numbered

21   paragraphs thereof:

22   1.     Defendants admit the allegations of this paragraph.

23   2.     Defendants admit the allegations of this paragraph.

24   3.     Defendants admit the allegations of this paragraph.

25   4.     Defendants admit the allegations of this paragraph.

26   5.     Defendants admit the allegations of this paragraph.

27   6.     Defendants deny that they took  any unlawful actions or engaged in any unlawful

28          employments practices, but admit that the San Jose division of the judicial district of this

     Defendants' Answer- 08-CV-02509HRL         1

1    court is the proper venue for Plaintiff's complaint.

2    7.    Defendants' responses to the allegations of paragraphs 1 through 6 are realleged and

3          incorporated herein by reference.

4    8.    Defendants admit the allegations of this paragraph.

5    9.    Defendants deny the allegations of this paragraph, in that the entity which was chartered as

6          Bridge Bank of Silicon Valley changed its name to Bridge Bank on May 23, 2002.

7    10.   Defendants admit the allegations of this paragraph.

8    11.   Defendants admit the allegations of this paragraph.

9    12.   Defendants deny that Plaintiff was forced to resign from her employment on or about July 24,

10         2007, or any other date. Defendants admit that they were Plaintiff's employer.

11   13.   Defendants deny that Mr. Field asked Plaintiff about "leading the new group." Except as

12         denied, Defendants admit the allegations of this paragraph.

13   14.   Defendants deny that Plaintiff expressed interest in "the job" to the extent that Plaintiff

14         intends to refer to a management job. Defendants admit that Plaintiff did begin an interview

15         process for a position within the new technology group.

16   15.   Defendants admit the allegations of this paragraph

17   16.   Defendants admits the allegations of this paragraph, and asserts that Plaintiff was never being

18         considered for the position of head of the technology group.

19   17.   Defendants admit that Rich Brenner asked Plaintiff why she had withdrawn her interest, and

20         admit that Plaintiff subsequently went to work for another bank. Except as specifically

21         admitted, Defendants deny all of the allegations of this paragraph.

22   18.   Defendants admit the allegations of this paragraph.

23   19.   Defendants deny that Plaintiff was told there would be an opportunity for her to manage her

24         own team. Except as denied, Defendants admit the allegations of this paragraph.

25   20.   Defendants do not have sufficient information or belief to allow them to answer, and so deny

26         all the allegations of this paragraph.

27   21.   Defendants admit that Mike Fields was the Division Manager at the time Plaintiff joined the

28         Bank. Defendants deny that Plaintiff had ever applied for the position of Division Manager.

1    Except as specifically admitted or denied, Defendants do not have sufficient information or

2    belief to allow them to answer, and so deny all the remaining allegations of this paragraph.

3    22.    Defendants deny that Plaintiff was ever "acting team leader." Except as denied, Defendants

4    admit the allegations of this paragraph.

5    23.    Defendants admit that Plaintiff's title was changed to Senior Vice President and that she

6    received a pay raise effective May 1, 2006, and that she did not receive additional stock

7    options with the title change. Defendants do not have sufficient information and belief to

8    allow them to respond as to what Plaintiff was informed or believed, and so deny the

9    remaining allegations of this paragraph.

10    24.    Defendants admit that at the time of Plaintiff's promotion, she was told that no additional

11    stock options were available. Defendants do not have sufficient information or belief to

12    allow them to answer, and so deny all the remaining allegations of this paragraph.

13    25.    Defendants admit the allegations of this paragraph.

14    26.    Defendants admit the allegations of this paragraph.

15    27.    Defendants admit the allegations of this paragraph.

16    28.    Defendants admit the allegations of this paragraph.

17    29.    Defendants deny all the allegations of this paragraph on information and belief.

18    30.    Defendants deny all the allegations of this paragraph on information and belief.

19    31.    Defendants deny all the allegations of this paragraph on information and belief.

20    32.    On information and belief, Defendants admit that Plaintiff said she wanted to be team leader

21    of a team with Sarah Norris and Karla on it. Except as admitted, Defendants deny the

22    allegations of this paragraph.

23    33.    Defendants admit that the team referenced had not failed. Except as admitted, Defendants

24    deny the remaining allegations of admit this paragraph on information and belief.

25    34.    Defendants admit the allegations of this paragraph on information and belief.

26    35.    Defendants admit the allegations of this paragraph on information and belief.

27    36.    On information and belief, Defendants deny that Dan Pistone said "No, my wife's just happy

28    being a mom and raising a child." Except as denied, Defendants admit the allegations of this

Defendants' Answer- 08-CV-02509HRL    3

paragraph.

37.    Defendants admit that Plaintiff cancelled her meeting with Mike Field.  Defendants do not have sufficient information or belief to allow them to answer, and so deny all the remaining allegations of this paragraph.

38.    Defendants admit the allegations of this paragraph.

39.    Defendants do not have sufficient information or belief to allow them to answer, and so deny the allegations of this paragraph.

40.    Defendants admit that Plaintiff made the statements alleged in the paragraph to Mike Fields; Defendants deny that the statements were accurate.

41.    Defendants deny that Mr. Field told Plaintiff she should continue to run her work through Dan Pistone until further notice.  Except as denied, Defendants admit the allegations of this paragraph.

42.    Defendants deny that Plaintiff told Mr. Field that his instruction that she continue to work through Dan as usual was similar to instructions given to a rape victim that she continue to work with the rapist until the matter is settled, and denies that Mr. Field nodded.  Except as denied, Defendants admit the allegations of this paragraph.

43.    Defendants admit that Plaintiff made that statement to Tom Sa; Defendants deny that the statement was accurate.

44.    Defendants admit the allegations of this paragraph.

45.    Defendants deny the allegations of this paragraph.

46.    Defendants admit the allegations of this paragraph.

47.    Defendants admit that Plaintiff made the statements indicated in this paragraph to Bob Maguire.

48.    Defendants admit that Plaintiff made the statements indicated in this paragraph to Bob Maguire.

49.    Defendants admit the allegations of this paragraph.

50.    Defendants admit the allegations of this paragraph.

51.    Defendants admit the first sentence of this paragraph and deny the second sentence of this

paragraph.

52. Defendants do not have sufficient information or belief to admit or deny the first sentence of this paragraph. Defendants admit the remaining statements of this paragraph.

53. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

54. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

55. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

56. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

57. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

58. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

59. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

60. Defendants admit the allegations of this paragraph.

61. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

62. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

63. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

64. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

65. Defendants admit that Plaintiff sent a letter containing the statements included in this paragraph.

1    66.    Defendants admit the allegations of this paragraph.

2    67.    Defendants admit the allegations of this paragraph.

3    68.    Defendants admit the allegations of this paragraph.

4    69.    Defendants admit the allegations of this paragraph.

5    70.    Defendants admit the allegations of this paragraph.

6    71.    Defendants deny that there was any discriminatory or retaliatory conduct directed at Plaintiff.

7           Defendants deny that they failed to put in place adequate and appropriate steps to address any

8           possible discriminatory or retaliatory conduct.  Defendants deny that Plaintiff expressed any

9           interest in working in any other department of the Bank until she had resigned.  Furthermore,

10          Defendants deny that Plaintiff's doctor asserted that she could not return to work in her

11          regular position: in fact, all three notes Defendants received from Plaintiff's doctor included

12          return dates with no restrictions of any kind.

13    72.    Defendants deny the allegations of this paragraph.

14    73.    Defendants deny the allegations of this paragraph.

15    74.    Defendants do not have sufficient information or belief to answer, and so deny the allegations

16          of this paragraph.

17    75.    Defendants deny the allegations of this paragraph,

18    76.    Defendants admit the allegations of this paragraph.

19    77.    Defendants deny that they have violated 42 U.S.C. Section 2000e-2, and deny every

20          allegation of this paragraph.

21    78.    Defendants deny that they have violated 42 U.S.C. Section 2000e-3, and deny every

22          allegation of this paragraph.

23    79.    Defendants deny that they have engaged in any unlawful conduct, and therefore deny that any

24          unlawful conduct on their part is a proximate cause of any economic loss Plaintiff may have

25          incurred.

26    80.    Defendants deny that they have engaged in any unlawful conduct, and therefore deny that any

27          unlawful conduct on their part is a proximate cause of any emotional distress-type of injuries

28          Plaintiff may have incurred.

Defendants' Answer- 08-CV-02509HRL        6

1

81.    Defendants deny that they have engaged in any unlawful conduct, and therefore deny that any

2          unlawful conduct on their part is a proximate cause of any expenses Plaintiff may have

3          incurred.

4

82.    Defendants deny that they have engaged in any conduct which was willful, malicious and/or

5          oppressive, and therefore deny that Plaintiff is entitled to an award of punitive damages.

6

83.    Defendants deny that Plaintiff is entitled to an award of attorneys' fees and costs.

7

84.    Defendants' responses to the allegations of paragraphs 1 through 76 are realleged and

8          incorporated herein by reference.

9

85.    Defendants admit the allegations of this paragraph.

10

86.    Defendants deny that they have violated Plaintiff's rights under the Americans with

11          Disabilities Act, 42 U.S.C. Sections 12112 et seq., and deny every allegation of this

12          paragraph.

13

87.    Defendants deny that they have violated the Americans with Disabilities Act, and therefore

14          deny that any unlawful conduct on their part is a proximate cause of any economic loss

15          Plaintiff may have incurred.

16

88.    Defendants deny that they have violated the Americans with Disabilities Act, and therefore

17          deny that any unlawful conduct on their part is a proximate cause of any emotional distress-

18          type of injuries Plaintiff may have incurred.

19

89.    Defendants deny that they have violated the Americans with Disabilities Act, and therefore

20          deny that any unlawful conduct on their part is a proximate cause of any expenses Plaintiff

21          may have incurred.

22

90.    Defendants deny that they have violated Plaintiff's rights under the Americans with

23          Disabilities Act, and therefore deny that Plaintiff is entitled to an award of punitive damages.

24

91.    Defendants deny that Plaintiff is entitled to an award of attorneys' fees and costs.

25

92.    Defendants' responses to the allegations of paragraphs 1 through 75 are realleged and

26          incorporated herein by reference.

27

93.    Defendants deny the allegations of this paragraph.

28

94.    Defendants deny that they violated 29 U.S.C. Section 206(d).

Defendants' Answer- 08-CV-02509HRL        7

95. Defendants deny that they violated 29 U.S.C. Section 206(d), and therefore deny that Plaintiff is entitled to any of the damages claimed in this paragraph.

96. Defendants deny that Plaintiff is entitled to bring this claim under 29 U.S.C. Sections 206(d) and 216.

97. Defendants deny that Plaintiff is entitled to an award of attorneys' fees and costs.

98. Defendants' responses to the allegations of paragraphs 1 through 75 are realleged and incorporated herein by reference.

99. Defendants admit the allegations of this paragraph.

100. Defendants deny that they have violated any provisions of the California Fair Employment and Housing Act, and deny all of the allegations of this paragraph.

101. Defendants deny that they have engaged in any unlawful conduct, and therefore deny that any unlawful conduct on their part is a proximate cause of any economic loss Plaintiff may have incurred.

102. Defendants deny that they have engaged in any unlawful conduct, and therefore deny that any unlawful conduct on their part is a proximate cause of any emotional distress-type of injuries Plaintiff may have incurred.

103. Defendants deny that they have violated the Americans with Disabilities Act, and therefore deny that any unlawful conduct on their part is a proximate cause of any expenses Plaintiff may have incurred.

104. Defendants deny that they have violated Plaintiff's rights under the California Fair Employment and Housing Act, and therefore deny that Plaintiff is entitled to an award of punitive damages.

105. Defendants deny that Plaintiff is entitled to an award of attorneys' fees and costs.

106. Defendants' responses to the allegations of paragraphs 1 through 75 are realleged and incorporated herein by reference.

107. Defendants deny the allegations of this paragraph.

108. Defendants deny that they violated California Labor Code Section 1197.5.

109. Defendants deny that they violated California Labor Code Section 1197.5, and therefore dent

1    that Plaintiff is entitled to any of the damages claimed in this paragraph.

2    110.    Defendants deny that Plaintiff is entitled to an award of attorneys' fees and costs.

3                                    **Affirmative Defenses**

4        AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE

5    HEREIN, Defendants allege that the complaint fails to state a claim against Defendants upon which

6    relief can be granted.

7        AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE

8    HEREIN, Defendants allege that the complaint fails to state a claim against Defendants upon which

9    punitive damages can be granted.

10        AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE

11    HEREIN, Defendants allege that Plaintiff is estopped from alleging the matters set forth in the

12    Amended Complaint.

13        AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE

14    HEREIN Defendants allege that all employment decisions made by Defendants which affected

15    Plaintiff were made without malice, in good faith and for legitimate business reasons.

16        AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE

17    HEREIN, Defendants allege that Plaintiff herself terminated the employment relationship between

18    Plaintiff and Defendants.

19        AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE

20    HEREIN, Defendants allege that the Workers' Compensation Act is the sole remedy for Plaintiff's

21    damages, if any.

22        AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE

23    HEREIN, Defendants presently have insufficient knowledge or information on which to form a

24    belief as to whether they may have additional, as yet unstated, defenses available.  Defendants

25    reserve herein the right to assert additional defenses in the event discovery indicates that they would

26    be appropriate.

27        WHEREFORE, Defendants BRIDGE BANK, N.A., and BRIDGE CAPITAL HOLDINGS

28    pray that Plaintiff take nothing by reason of her  Complaint herein and that Defendants be awarded

Defendants' Answer- 08-CV-02509HRL        9

1   their costs of suit incurred herein, attorney's fees, and such other and further relief as the Court

2   deems just and proper.

3                                                                    SIMS & LAYTON

4

5   Dated: _____    By: _____

6                                                                    RONA P. LAYTON, Attorneys for
    Defendants BRIDGE BANK, N.A.;
    BRIDGE CAPITAL HOLDINGS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28