```
 1  LOUIS A. HIGHMAN, State Bar No. 61703
    BRUCE J. HIGHMAN, State Bar No. 101760
 2  LAW OFFICES OF HIGHMAN, HIGHMAN & BALL
    870 Market Street, Suite 467
 3  San Francisco, CA 94102
    Telephone:  (415) 982-5563
 4
    Attorneys for Plaintiff DEBRA SPRINGER-BOWMAN
 5

 6  RONA P. LAYTON, State Bar No. 121238
    SIMS & LAYTON
 7  84 W. Santa Clara St., #660
    San Jose, CA 95113
 8  Telephone:  (408) 998-3400

 9  Attorneys for Defendants BRIDGE BANK OF SILICON
    VALLEY, N.A., BRIDGE BANK, N.A., AND BRIDGE
10  CAPITAL HOLDINGS
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBRA SPRINGER-BOWMAN, | CASE NO. 08-CV-02509 JW |
| Plaintiff, | |
| -v- | STIPULATION FOR PROTECTIVE ORDER; ORDER **AS AMENDED BY THE COURT** |
| BRIDGE BANK OF SILICON VALLEY, N.A.; BRIDGE BANK, N.A.; BRIDGE CAPITAL HOLDINGS, | |
| Defendants. | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing,

1

material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

2. Confidential documents shall be so designated by a suitable marking of "Confidential--Subject to Protective Order" or by letter of counsel **only after a good faith determination has been made that the document qualifies as protected under F.R. Civ. P. 26(c).**

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to designate such portions of the transcript containing information designated as confidential and to keep them confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. **Except as ordered by the Court,** Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, a spouse of a party, or an officer,

2

Stipulation for Protective Order; Order--
Case No. 08-CV-02509 JW

director, or managing agent of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action;

(e) the Court, personnel of the Court, or the jury; and

(f) any other person as to whom the parties in writing agree.

6. Depositions shall be taken only in the presence of qualified persons.

7. All qualified person in 5(a), 5(b), 5(c), 5(d), and 5(f), above, being shown or informed of any Confidential Material in this case shall first be informed of the contents of this stipulated protective order by counsel for the party to whom the Confidential Material was produced, and agree to abide by the stipulated protective order **by signing Exhibit A.**

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. In the event that any Confidential material is used

3

Stipulation for Protective Order; Order--
Case No. 08-CV-02509 JW

```
 1 | in any court proceeding in this action, it shall not lose its
 2 | confidential status through such use.
 3 |     10.  This Order shall be without prejudice to the right
 4 | of the parties (i) to bring before the Court at any time
 5 | question of whether any particular document or information is
```
**after the parties have conferred directly in voice-to-voice dialogue, as required by the Court's Local Rules. the** (insertion before line 5)

```
 6 | confidential or whether its use should be restricted or (ii)
 7 | to present a motion to the Court for a separate protective
 8 | order as to any particular document or information, including
 9 | restrictions differing from those as specified herein.  This
10 | Order shall not be deemed to prejudice the parties in any way
11 | in any future application for modification of this Order.
12 |     11.  This Order is entered solely for the purpose of
13 | facilitating the exchange of documents and information between
14 | the parties to this action without involving the Court
15 | unnecessarily in the process.  Nothing in this Order nor the
16 | production of any information or document under the terms of
17 | the order nor any proceedings pursuant ot this Order shall be
18 | deemed to have the effect of an admission or waiver by either
19 | party or of altering the confidentiality or nonconfidentiality
20 | of any such document or information or altering any existing
21 | obligation of any part or the absence thereof.
22 |     12.  This Order shall survive the final termination of
23 | this action, to the extent that the information contained in
24 | the Confidential material is not or does not become known to
25 | the public, and the Court shall retain jurisdiction^to resolve
26 | any dispute concerning the use of information disclosed
27 | hereunder.  Upon termination of this case, counsel for the
28 |
```
**for a period of six months** (insertion at caret on line 25)

4

Stipulation for Protective Order; Order--
Case No. 08-CV-02509 JW

```
 1  parties shall assemble and return to each other all documents,
 2  material and deposition transcripts designated as confidential
 3  and all copies of same, or shall certify the destruction
 4  thereof.
 5  SO STIPULATED:
 6  DATED:      April 27     , 2009.    LOUIS A. HIGHMAN
                                        BRUCE J. HIGHMAN
 7                                      LAW OFFICES OF HIGHMAN,
                                        HIGHMAN & BALL
 8
                                        By /s/Louis A. Highman
 9                                         Attorneys for Plaintiff
                                           DEBRA SPRINGER-BOWMAN
10
11  DATED:      April 27,    , 2009.    RONA P. LAYTON
                                        SIMS & LAYTON
12
13
                                        By /s/Rona P. Layton
14                                         Attorneys for
                                           Defendants BRIDGE
15                                         BANK OF SILICON
                                           VALLEY, N.A.; BRIDGE
16                                         BANK, N.A.; BRIDGE
                                           CAPITAL HOLDINGS
17
                            ORDER
18
    So ORDERED.
19
20  DATED:      May 12       , 2009.    _____
21                                      HOWARD R. LLOYD
                                        UNITED STATES MAGISTRATE JUDGE
```

5

Stipulation for Protective Order; Order--
Case No. 08-CV-02509 JW

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.   I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.   I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I  further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:  _____

City and State where sworn and signed:  _____

Printed name:  _____
                              [printed name]

Signature:  _____
                          [signature]